UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PRINCETON BROWN,<br><br>Defendant. | Case No. CR19-106RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REVOKE DETENTION PENDING SENTENCING |

This matter comes before the Court on defendant Princeton Brown's "Motion to Revoke Detention, Requesting Temporary Release Pending Sentencing." Dkt. #95. A detention hearing was held via videoconference on June 23, 2020.

As an initial matter, the Court must determine whether it has legal authority to release defendant pending sentencing. In his motion, defendant asserts that temporary release is warranted under 18 U.S.C. § 3142(i). The government argues that § 3142(i) is inapplicable because, by its terms, § 3142(i) applies only to pretrial detention. The Court agrees with the government that 18 U.S.C. § 3143, not § 3142, applies to the release or detention of a defendant pending sentencing. In relevant part, 18 U.S.C. § 3143(a) provides,

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the

ORDER GRANTING DEFENDANT'S MOTION TO REVOKE
DETENTION PENDING SENTENCING - 1

> community if released under 3142(b) or (c).  If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>    (A)
>       (i)   the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>       (ii)  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

The Court finds defendant is subject to mandatory detention under § 3143(a)(2). Defendant pled guilty to violations of (1) 21 U.S.C. §§ 841(a)(1), (b)(1)(C), an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act, and (2) 18 U.S.C. § 924(c)(1)(A), an offense which carries a maximum sentence of life imprisonment. See 18 U.S.C. §§ 3142(f)(1)(B), (C); see also Dkt. #83.  Neither of the exceptions set forth in § 3143(a)(2)(A) applies to defendant.  However, as the Ninth Circuit has indicated, 18 U.S.C. § 3145(c) applies in this context.  See United States v. Garcia, 340 F.3d 1013, 1015 n.2 (9th Cir. 2003).  In relevant part, 18 U.S.C. § 3145(c) provides,

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The Court finds that § 3145(c) governs its consideration of defendant's motion.  Accordingly, before the Court can release defendant from detention pending sentencing, defendant must show (1) by clear and convincing evidence that he is unlikely to flee or pose a danger to the safety of any other person or the community if released, and (2) that there are exceptional reasons why his detention is not appropriate.  See 18 U.S.C. § 3145(c).

ORDER GRANTING DEFENDANT'S MOTION TO REVOKE
DETENTION PENDING SENTENCING - 2

For the reasons given in the Court's oral ruling, the Court finds that defendant has shown by clear and convincing evidence that if released, he is unlikely to flee or pose a danger to the safety of any other person or the community.  In addition, as detailed in the Court's oral ruling, the Court finds that defendant's unique family and health circumstances, as exacerbated by the impacts of COVID-19, are exceptional reasons making defendant's presentence detention inappropriate.  Id.

Therefore, defendant's Motion to Revoke Detention Pending Sentencing (Dkt. #95) is GRANTED.  Defendant shall be released from FDC SeaTac on Wednesday, June 24, 2020. Upon his release pending sentencing, defendant shall comply with all conditions of release as set forth by the U.S. Probation Office.

IT IS SO ORDERED.

DATED this 24th day of June, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge