UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PRINCETON BROWN,<br><br>Defendant. | Case No. CR19-106RSL<br><br>ORDER DENYING MOTION TO AMEND PRESENTENCE INVESTIGATION REPORT |

This matter comes before the Court on defendant's "Motion to Amend PSI of 4-12-2022" (Dkt. # 243). Having considered the motion and the record contained herein, the Court finds as follows:

**I. Motion to Seal**

As an initial matter, the Court finds compelling reasons justify sealing defendant's records containing sensitive information (Dkt. # 245). Defendant's motion to seal (Dkt. # 244) is accordingly GRANTED.

**II. Background**

Defendant is a 44-year-old inmate currently incarcerated at Terminal Island Federal Correctional Institution. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 22, 2023). On February 3, 2020, defendant pleaded guilty to attempted possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as possession of a firearm in furtherance of drug trafficking in violation of 21 U.S.C. § 924(c)(1)(A). Dkt. # 81. On April 15, 2022, this Court sentenced defendant to a term of 60 months and 1 day of imprisonment and a three-year term of

ORDER DENYING MOTION TO AMEND
PRESENTENCE INVESTIGATION REPORT - 1

supervised release. Dkt. # 178 at 2-3. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on October 22, 2025. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 22, 2023).

Defendant filed the instant motion asking the Court to amend the Presentence Investigation Report ("PSR") prepared in this case. Dkt. # 243 at 2. Specifically, defendant asks that the narrative portion of a fourth-degree assault included in the "Juvenile Adjudication" portion of defendant's "Criminal History" be stricken, and that the amended PSR be sent to the BOP. *Id.* at 2-3. Defendant asserts that BOP has characterized the offense as a sex offense, relying on the narrative description of the crime included in the PSR. *Id.* at 2. Defendant further alleges that as a result of this characterization, he has been denied a transfer to "camp," for which he is otherwise eligible, and has been or will be denied other benefits "such as application of the CARES Act, and probably work release." *Id.*

Defense counsel apparently sent a letter to the probation officer preparing the PSR, objecting to the inclusion of this offense. *See* Dkt. # 245 at 3 (letter stating "[t]his case was dismissed and so the entire story should be stricken. As well, the alleged victim's story was totally fabricated."). However, the objected-to paragraph was included in the final PSR with no objections noted, *see* Dkt. # 176 at 6, 17-18, and no objections to this portion of the PSR were raised at sentencing, Dkt. # 243 at 2.

**III. Discussion**

Defendant's motion asks the Court to amend his PSR post-sentence. However, the Ninth Circuit has explained that "once the district court has imposed [a] sentence, the court lacks jurisdiction . . . to hear challenges to a presentence report." *United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989) (per curiam).

Rule 32 sets forth the procedure the district court must follow when a defendant alleges any factual inaccuracy in a presentence report.[1] *See* Fed. R. Crim. P. 32; *United States v.*

---

[1] Prior to the imposition of sentence, Federal Rule of Criminal Procedure 32(c) requires a probation officer conduct a presentence investigation and issue a report—the PSR—which the district court must consider in sentencing. *See* Fed. R. Crim. P. 32(c). At least 35 days prior to sentencing, the

ORDER DENYING MOTION TO AMEND
PRESENTENCE INVESTIGATION REPORT - 2

*Stewart*, 799 F.2d 580, 581 (9th Cir. 1986). However, Rule 32 "allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later." *Catabran*, 884 F.2d at 1289 (quoting *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir. 1988) (per curiam)).

No other rule in the Federal Rules of Criminal Procedure offers a means to make a substantive post-sentence correction or amendment to a Presentence Investigation Report. *Compare* Fed. R. Crim. P. 35(e) (district court may correct a sentence that resulted from "arithmetical, technical, or other clear error" within 14 days after imposition of sentence) *with* Fed. R. Crim. P. 36 (district court may correct a "clerical error" in a judgment at any time). "Therefore, for anything other than a 'clerical error,' challenges to or requests to amend a PSR submitted more than fourteen days after imposition of the sentence must be based on statutes or rules giving the district court jurisdiction to consider the challenge, such as a motion to vacate, set aside, or correct a sentence brought pursuant to 28 U.S.C. § 2255." *United States v. Cripps*, No. CR10-461LJO, 2017 WL 1115972, at *1 (E.D. Cal. Mar. 27, 2017).

Accordingly, the Court lacks jurisdiction to now alter the PSR as defendant requests. *See id.*; *United States v. Lemusu*, No. CR02-130HG, 2019 WL 4197205 (D. Haw. Sept. 4, 2019); *United States v. Cross*, No. CR18-65HG, 2019 WL 6357964 (D. Haw. Nov. 27, 2019).

**IV. Conclusion**

For all the foregoing reasons, defendant's "Motion to Amend PSI of 4-12-2022" (Dkt. # 243) is DENIED. Defendant's motion to seal (Dkt. # 244) is GRANTED.

IT IS SO ORDERED.

---

PSR must be disclosed to the defendant and his attorney, *see* Fed. R. Crim. P. 32(e), and the district court must determine at sentencing whether defendant and his attorney have had the opportunity to read and discuss the report, Fed. R. Crim. P. 32(i)(1)(A). Rule 32(f) provides that within 14 days after receiving the PSR, a defendant may make objections to "material information, sentencing guideline ranges, and any policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). "[F]or any disputed portion of the presentence report or other controverted matter[,] [the court must] rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B); *see also Cripps*, 2017 WL 1115972, at *1.

DATED this 24th day of May, 2023.

          */s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO AMEND
PRESENTENCE INVESTIGATION REPORT - 4